KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN T. BRICKER (State Bar No. 269100)
GIA L. CINCONE (State Bar No. 141668)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
E-Mail:      ggilchrist@kilpatricktownsend.com
                   rbricker@kilpatricktownsend.com
                   gcincone@kilpatricktownsend.com

Attorneys for Plaintiff and Counter-Defendant
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>             Plaintiff,<br><br>      v.<br><br>YVES SAINT LAURENT AMERICA, INC.,<br><br>             Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. 3:18-cv-06977-JSC<br><br>**PLAINTIFF AND COUNTER-DEFENDANT LEVI STRAUSS & CO.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT AND CROSS-CLAIMANT YVES SAINT LAURENT AMERICA, INC.'S FIRST AMENDED COUNTERCLAIMS**<br><br>Complaint filed November 16, 2018<br>Judge:  Honorable Jacqueline Scott Corley |

Plaintiff and Counter-Defendant Levi Strauss & Co. ("LS&Co."), by and through its undersigned counsel, hereby answers Defendant and Counterclaimant Yves Saint Laurent America, Inc.'s ("YSL") First Amended Counterclaims, as follows:

**FACTS COMMON TO YSL AMERICA'S COUNTERCLAIMS**

1.     LS&Co. denies liability under all Counts and theories set forth in the Counter-claims, denies that its trademark registrations are subject to cancellation as a result of any Count

or theory contained in YSL's Counterclaims, and denies that YSL is entitled to the declarations sought in Counts asserted pursuant to the Declaratory Judgment Act.

2. Paragraph 2 incorporates YSL's responses to LS&Co.'s Complaint and allegations to which no response is required. To the extent that the referenced and incorporated paragraphs contain factual allegations, LS&Co. denies those allegations, and further denies that YSL is shielded from or absolved of liability as a result of any of its Affirmative Defenses.

3. Paragraph 3 states legal conclusions for which no response is required.

## PARTIES

4. LS&Co. is informed and believes that YSL is a New York corporation with its principal place of business in New York, New York. LS&Co. is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies the same.

5. LS&Co. admits the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 states legal conclusions for which no response is required. LS&Co. does not contest that this Court has subject matter jurisdiction. To the extent that Paragraph 6 alleges that the Court must exercise jurisdiction pursuant to the Declaratory Judgment Act, which is discretionary, LS&Co. denies such allegations. LS&Co. denies that its trademark registrations are subject to cancellation as a result of any Count or theory contained in YSL's Counterclaims.

7. LS&Co. admits that this Court has personal jurisdiction over LS&Co.

8. LS&Co. admits that venue is proper in this district. To the extent that Paragraph 8 incorporates by reference factual allegations contained in YSL's Counterclaims, LS&Co. denies liability under all Counts and theories set forth in the Counterclaims, denies that its trademark registrations are subject to cancellation as a result of any Count or theory contained in YSL's Counterclaims, and denies that YSL is entitled to the declarations sought in Counts asserted pursuant to the Declaratory Judgment Act.

/ / /

/ / /

# BACKGROUND

9. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the same.

10. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies the same.

11. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

12. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the same.

13. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies the same.

14. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies the same.

15. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the same.

16. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the same.

17. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the same.

**The Parties' Dispute**

18. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.

19. LS&Co. denies the allegations in Paragraph 19.

20. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the same.

21. LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

/ / /

22.  LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies the same.

**The Scope of Levi Strauss' Rights; Third Party Uses**

23.  LS&Co.'s Complaint speaks for itself.  LS&Co. denies the remaining allegations in Paragraph 23, and to the extent that YSL is alleging that LS&Co.'s description of its Tab trademark is inaccurate or overbroad, LS&Co. specifically denies that allegation.

24.  LS&Co. admits that it owns the trademark registrations referenced in its Complaint and Paragraph 24.  LS&Co. further admits that its Tab trademark is typically sewn in to one of the regular structural seams of a garment.  LS&Co. further responds that its Complaint speaks for itself.

25.  LS&Co. responds that its registrations for the Tab trademark speak for themselves.  LS&Co. denies the remaining allegations in Paragraph 25, and to the extent that YSL is alleging that LS&Co.'s Tab trademark is merely ornamental, LS&Co. specifically denies that allegation.

26.  LS&Co. admits that, in 2002, Judge Phyllis J. Hamilton entered an order granting LS&Co.'s motion for summary judgment against GTFM, Inc.'s counterclaims, rejecting GTFM, Inc.'s theories that LS&Co. had partially abandoned rights in its Tab trademark, and that LS&Co.'s registrations were unclear as to the shape, dimension, and location of the Tab trademark.  Judge Hamilton's order denying GTFM, Inc.'s attacks on LS&Co.'s Tab trademark speaks for itself.  LS&Co. denies the remaining allegations of this paragraph.

27.  LS&Co. denies the allegations in Paragraph 27.

28.  LS&Co. denies the allegations in Paragraph 28.  To the extent that YSL is alleging that LS&Co.'s Tab trademark must be located in, and is only protected against infringement from tabs that are located in, a specific location, LS&Co. specifically denies that allegation.

29.  LS&Co. denies the allegations in Paragraph 29.  To the extent that YSL is alleging that LS&Co.'s Tab trademark is only protected against infringement from tabs that are rendered in a particular color, LS&Co. specifically denies that allegation.

30.  To the extent that Paragraph 30 alleges that LS&Co. is not the exclusive user of its Tab trademark, including on clothing, LS&Co. denies that allegation.  To the extent that YSL

1   is alleging that LS&Co.'s Tab trademark is merely ornamental, LS&Co. specifically denies that
2   allegation. LS&Co. is without sufficient information to form a belief as to the truth of the remain-
3   ing allegations in Paragraph 30, and therefore denies the same.

4         31.     LS&Co. denies the allegations in Paragraph 31.

5         32.     LS&Co. admits that it vigorously and diligently enforces its rights in the distinctive
6   Tab trademark, and that it is currently litigating infringement, dilution, and unfair competition
7   claims against J. Barbour & Sons, Ltd. and Barbour Inc., based on use by those defendants of
8   tab designs that violate LS&Co.'s trademark rights. The case and complaint referenced in
9   Paragraph 32 have been dismissed in favor of LS&Co.'s coercive action, pending in the Northern
10  District of California. To the extent that YSL alleges that LS&Co. has not objected to the Barbour
11  parties' use of the tab designs shown in Paragraph 32, LS&Co. specifically denies that allegation.
12  LS&Co. is without sufficient information to form a belief as to the truth of the remaining allega-
13  tions in Paragraph 32, and therefore denies the same.

14        33.     To the extent that YSL alleges that the designs shown in Paragraph 33 support any
15  of its Counterclaims, including its Counterclaims seeking cancellation of LS&Co.'s trademark
16  registrations, LS&Co. specifically denies that allegation. LS&Co. is without sufficient informa-
17  tion to form a belief as to the truth of the remaining allegations in Paragraph 33, and therefore
18  denies the same.

19        34.     To the extent that YSL alleges that the designs shown in Paragraph 34 support any
20  of its Counterclaims, including its Counterclaims seeking cancellation of LS&Co.'s trademark
21  registrations, LS&Co. specifically denies that allegation. LS&Co. is without sufficient informa-
22  tion to form a belief as to the truth of the remaining allegations in Paragraph 34, and therefore
23  denies the same.

24        35.     LS&Co. admits that it has entered a settlement agreement with Miller International
25  Inc. LS&Co. is without sufficient information to form a belief as to the truth of the remaining
26  allegations in Paragraph 35—including whether the designs shown in Paragraph 35 are subject
27  to the terms of the parties' settlement agreement—and therefore denies the same.

28  / / /

36.    To the extent that YSL alleges that the designs referenced in Paragraph 36 and shown in Exhibit A support any of its Counterclaims, including its Counterclaims seeking cancellation of LS&Co.'s trademark registrations, LS&Co. specifically denies that allegation. LS&Co. is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 36 and Exhibit A, and therefore denies the same.

37.    LS&Co. denies the allegations in Paragraph 37.

**Differences Between the Parties' Respective Designs**

38.    LS&Co. denies the allegations in Paragraph 38.

39.    LS&Co. denies that its Tab trademark is always affixed to the left structural seam of a pocket. LS&Co. is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 39, and therefore denies the same.

40.    LS&Co. denies that its Tab trademark is always produced using woven natural or synthetic fibers. LS&Co. is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 40, and therefore denies the same.

41.    LS&Co. denies the allegations regarding the proportion of its uses of a red version of its Tab trademark. LS&Co. denies that consumers only associate the Tab trademark with LS&Co. when it is used in red. LS&Co. is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 41, and therefore denies the same.

42.    LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies the same.

43.    LS&Co. admits that it sells garments bearing the Tab trademark at a wide range of price points. LS&Co. is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 43, and therefore denies the same.

44.    LS&Co. is without sufficient information to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies the same.

45.    LS&Co. admits that, in some situations, it uses other trademarks in combination with its Tab trademark, including the Arcuate trademark and/or the Two Horse Patch trademark. To the extent that Paragraph 45 alleges that LS&Co. always uses these marks together, LS&Co.

1  denies the allegation.  LS&Co. is without sufficient information to form a belief as to the truth of
2  the remaining allegations in Paragraph 45, and therefore denies the same.

3  46.  LS&Co. is without sufficient information to form a belief as to the truth of the
4  allegations in Paragraph 46, and therefore denies the same.

## CLAIMS FOR RELIEF

## COUNT I

### Declaration of No Trademark Infringement Under Federal or California Law

47.  LS&Co. incorporates by reference each of its answers contained in the foregoing paragraphs, as if fully set forth here.

48.  LS&Co. admits that it has alleged that the YSL Tab which is the subject of LS&Co.'s Complaint infringes LS&Co.'s rights in its Tab trademark.  LS&Co. is without sufficient information to form a belief as to the remaining allegations, including whether YSL exclusively uses the YSL Tab in non-red colors and leather-like fabrications, and therefore denies the same.

49.  LS&Co. responds that Paragraph 49 consists primarily of argument that does not require a response.  To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

50.  LS&Co. denies the allegations in Paragraph 50.

51.  LS&Co. denies the allegations in Paragraph 51.

52.  LS&Co. denies the allegations in Paragraph 52.

53.  LS&Co. admits that a case and controversy exists as to YSL's infringement of LS&Co.'s rights in the Tab trademark.  LS&Co. denies that there is an actual controversy as to the validity and enforceability of the Tab trademark.

54.  LS&Co. admits that YSL purports to seek a declaration that it is not infringing LS&Co.'s trademark rights.  LS&Co. denies the remaining allegations of Paragraph 54.

/ / /

/ / /

/ / /

## COUNT II

**Declaration of No Unfair Competition Under Federal or California Law by YSL America**

55. LS&Co. incorporates by reference each of its answers contained in the foregoing paragraphs, as if fully set forth here.

56. LS&Co. admits that it has alleged that the YSL Tab which is the subject of LS&Co.'s Complaint constitutes unfair competition. LS&Co. is without sufficient information to form a belief as to the remaining allegations, including whether YSL exclusively uses the YSL Tab in non-red colors and leather-like fabrications, and therefore denies the same.

57. LS&Co. responds that Paragraph 57 consists primarily of argument that does not require a response. To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

58. LS&Co. denies the allegations in Paragraph 58.

59. LS&Co. denies the allegations in Paragraph 59.

60. LS&Co. denies the allegations in Paragraph 60.

61. LS&Co. admits that a case and controversy exists as to whether YSL has unfairly competed and/or is unfairly competing with LS&Co. LS&Co. denies that there is an actual controversy as to the validity and enforceability of the Tab trademark.

62. LS&Co. admits that YSL purports to seek a declaration that it is not infringing LS&Co.'s trademark rights and that it is not unfairly competing with LS&Co. LS&Co. denies the remaining allegations of Paragraph 62.

## COUNT III

**Declaration of No Dilution Under Federal or California Law by YSL America**

63. LS&Co. incorporates by reference each of its answers contained in the foregoing paragraphs, as if fully set forth here.

64. LS&Co. admits that it has alleged that the YSL Tab which is the subject of LS&Co.'s Complaint is likely to dilute the distinctiveness of LS&Co.'s Tab trademark. LS&Co. is without sufficient information to form a belief as to the remaining allegations, including

/ / /

whether YSL exclusively uses the YSL Tab in non-red colors and leather-like fabrications, and therefore denies the same.

65. LS&Co. responds that Paragraph 65 consists primarily of argument that does not require a response. To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

66. LS&Co. denies the allegations in Paragraph 66.

67. LS&Co. denies the allegations in Paragraph 67.

68. LS&Co. denies the allegations in Paragraph 68.

69. LS&Co. admits that a case and controversy exists as to YSL's dilution of the distinctiveness of LS&Co.'s Tab trademark. LS&Co. denies that there is an actual controversy as to the validity and enforceability of the Tab trademark.

70. LS&Co. admits that YSL purports to seek a declaration that it is not diluting the distinctiveness of LS&Co.'s Tab trademark. LS&Co. denies the remaining allegations of Paragraph 70.

## COUNT IV
## Cancellation of U.S. Registration No. 1,157,769

71. LS&Co. incorporates by reference each of its answers contained in the foregoing paragraphs, as if fully set forth here.

72. LS&Co. admits that YSL purports to seek cancellation of LS&Co.'s registered trademark. To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

73. LS&Co. denies the allegations in Paragraph 73.

74. LS&Co. denies the allegations in Paragraph 74.

75. LS&Co. denies the allegations in Paragraph 75.

76. LS&Co. admits that YSL purports to seek cancellation of LS&Co.'s registered trademark. To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

/ / /

## COUNT V
### Cancellation of U.S. Registration No. 774,625

77. LS&Co. incorporates by reference each of its answers contained in the foregoing paragraphs, as if fully set forth here.

78. LS&Co. admits that YSL purports to seek cancellation of LS&Co.'s registered trademark. To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

79. LS&Co. denies the allegations in Paragraph 79.

80. LS&Co. denies the allegations in Paragraph 80.

81. LS&Co. denies the allegations in Paragraph 81.

82. LS&Co. admits that YSL purports to seek cancellation of LS&Co.'s registered trademark. To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

## COUNT VI
### Cancellation of U.S. Registration No. 2,726,253

83. LS&Co. incorporates by reference each of its answers contained in the foregoing paragraphs, as if fully set forth here.

84. LS&Co. admits that YSL purports to seek cancellation of LS&Co.'s registered trademark. To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

85. LS&Co. denies the allegations in Paragraph 85.

86. LS&Co. denies the allegations in Paragraph 86.

87. LS&Co. denies the allegations in Paragraph 87.

88. LS&Co. admits that YSL purports to seek cancellation of LS&Co.'s registered trademark. To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

/ / /

/ / /

# COUNT VII

## Cancellation of California Registration No. 52312

89.     LS&Co. incorporates by reference each of its answers contained in the foregoing paragraphs, as if fully set forth here.

90.     LS&Co. admits that YSL purports to seek cancellation of LS&Co.'s registered trademark. To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

91.     LS&Co. denies the allegations in Paragraph 91.

92.     LS&Co. denies the allegations in Paragraph 92.

93.     LS&Co. denies the allegations in Paragraph 93.

94.     LS&Co. admits that YSL purports to seek cancellation of LS&Co.'s registered trademark. To the extent that the Paragraph includes factual allegations, LS&Co. denies those allegations.

## AFFIRMATIVE DEFENSES

1.     YSL's Counterclaims for cancellation each fail because they seek cancellation of LS&Co.'s incontestable registrations for its inherently distinctive Tab trademark. Incontestability status provides conclusive proof of the right of LS&Co.'s ownership of its Tab trademark; its right to use the mark; and the validity of the mark, including the fact that the mark has secondary meaning. YSL cannot meet its burden in proving that LS&Co.'s Tab trademark is somehow generic for, or commonly used to describe, the goods covered by LS&Co.'s registrations.

2.     YSL's Counterclaims fail to state a claim upon which relief can be granted.

3.     YSL's Counterclaims are barred, in whole or part, by the doctrine of unclean hands. YSL's own unlawful and inequitable conduct, including its mimicking of LS&Co.'s famous Tab trademark, bars each of YSL's Counterclaims.

4.     YSL's Counterclaims for cancellation are barred, in whole or in part, by the equitable doctrines of laches, acquiescence, estoppel, and/or waiver.

5.     LS&Co. reserves all other affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Lanham Act, and any other defenses at law or in equity, that may

now exist or in the future be available based on discovery and further factual investigation in this case.

**DEMAND FOR JURY TRIAL**

LS&Co. respectfully demands a jury trial of all issues raised by YSL's Counterclaims that are triable to a jury.

**PRAYER FOR RELIEF**

LS&Co. denies that YSL is entitled to any form of relief, including the relief it requests.

WHEREFORE, LS&Co. prays as follows:

    A.    That YSL take nothing by reason of its Counterclaims;

    B.    That this Court enter judgment in favor of LS&Co. and against YSL on the Counterclaims;

    C.    For LS&Co.'s cost of suit; and

    D.    For such other and further relief as the Court may deem fair and equitable.

Dated:  April 2, 2019

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____/s/ *Ryan T. Bricker*_____
            Ryan T. Bricker

Attorneys for Plaintiff and Counter-Defendant
LEVI STRAUSS & CO.

71760469V.1